**Willard Rex TOOLEY, Petitioner,**

**v.**

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Dec. 1, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

Louis Chiozza, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Thomas F. Graves, Asst. Dist. Atty. Gen., Memphis, for respondent.

OPINION

GALBREATH, Judge.

Petitioner appeals from the action of the trial court in dismissing his application for post conviction relief in which he seeks voidance of a judgment of the Criminal Court of Shelby County of conviction for first degree murder and the resulting 99 year sentence.  The sole issue confronting us is whether or not the finding by the trial judge that the petitioner, an indigent defendant at the convicting trial, was represented by competent counsel should be sustained.  The petition alleged that the attorneys appointed to represent him at the protracted criminal trial failed to properly investigate, failed to call a number of favorable witnesses, failed to have him properly examined to ascertain his mental condition, and allowed prejudicial testimony to be used against him.

Another allegation touching on the instructions given the trial jury, as well as the matter referred to as prejudicial testimony involving a prior allegation of criminal activity on the part of the accused, were fully treated by this Court in a direct appeal and have thus been previously determined as defined in T.C.A. § 40–3811, 40–3812. Judge Walker found for the majority in Tooley v. State, Tenn.Cr.App., 448 S.W.2d 683, "The instructions, read and construed as a whole, fully and correctly state the law," pertaining to the charge; and as to the interjection of prior criminal activity:

> "On cross-examination, the assistant attorney general was permitted to ask the defendant if he had raped a woman in Okinawa. He denied it, and the prosecutor stopped questioning him on that subject. Later the defendant brought it up and voluntarily explained an incident in Okinawa without objection of his counsel. If there was any error here, it was harmless."

Tooley v. State, 448 S.W.2d at 686.

■ At the post conviction hearing there were three witnesses—the petitioner and two attorneys appointed to represent him at the murder trial. These attorneys, Mr. Robert A. Tillman, who has served as both Public Defender and Judge in Shelby County during a long and distinguished career, and Mr. Walker Gwinn, a younger but experienced criminal trial lawyer, testified as to the diligent efforts made by them to preserve the rights, privileges and immunities of the petitioner. The petitioner, for his part, was never able to pinpoint anything specifically that his lawyers did or failed to do that could by any stretch of the imagination approach the lack of representation that would be violative of his constitutional right to effective counsel.

■ In his lengthy finding of facts the trial judge, in reviewing the original trial transcript of some nine volumes in conjunction with the testimony in this case, stated that Messrs. Tillman and Gwinn throughout the preliminary stages and the trial itself "did everything humanly possible to protect this man's rights." In this Court we are by law obligated to attribute to the findings of fact of the judge in a post conviction trial the conclusive weight of a jury verdict. See Turner v. State, Tenn.Cr.App., 447 S.W.2d 876.

The petitioner below had the burden of sustaining his allegations by a preponderance of the evidence and on appeal the heavier task of demonstrating that the evidence preponderates against the findings of the trial judge (Turner v. State, *supra*). The petitioner carried neither of these burdens, and the judgment below is affirmed.

WALKER, P. J., and MITCHELL, J., concur.