Harry U. SCRUGGS, Jr.,
Petitioner-Appellant,

v.

Lance B. BRACY, Disciplinary Counsel on Behalf of the Disciplinary Board of the Supreme Court of Tennessee, Respondent-Appellee.

Supreme Court of Tennessee,
at Jackson.

July 13, 1981.

---

Erich W. Merrill, Merrill, Gilliland & Wilson, Memphis, for petitioner-appellant.

Lance B. Bracy, Chief Disciplinary Counsel, pro se Nashville, for respondent-appellee.

## OPINION

DROWOTA, Justice.

This appeal involves the petition of Harry U. Scruggs, Jr., for reinstatement to the practice of law, pursuant to Rule 9 Section 19, Rules of the Supreme Court.[1] Petitioner seeks review in this Court of the denial of his petition for reinstatement by the trial court.

On November 29, 1977, following the affirmance of a criminal conviction in federal court, this Court entered an order suspending the petitioner from the practice of law pursuant to Rule 42 Section 14, now Rule 9 Section 14. Thereafter, Disciplinary Counsel filed a petition before the Disciplinary Board, now Board of Professional Responsibility, to determine final discipline to be imposed upon Harry Scruggs, Jr. In December, 1977, pursuant to Section 16.1, Harry Scruggs, Jr., filed with the Disciplinary Board a conditional guilty plea to the petition, in exchange for a stated form of punishment. He offered to agree to a suspension of one year and one day, which was equal to the sentence imposed upon him by the U. S. District Court in which he had been convicted. A hearing panel was appointed by the Disciplinary Board to act upon the petition to determine final discipline, and it agreed to accept the plea for stated punishment. This was approved by the Disciplinary Board of this Court. An Order of Enforcement was entered by this Court on March 17, 1978, suspending Harry U. Scruggs, Jr. for a period of one year and one day.

On March 20, 1979, petitioner filed his petition for reinstatement, setting forth the fact that he had served the sentence imposed upon him as a result of his conviction and alleging that he met all the criteria for reinstatement set out in Section 19.3. The petition was referred to a hearing panel which heard proof on June 19, 1979, and on July 13 the panel denied Scruggs' petition. In accordance with Section 1.3, petitioner then filed a petition for review in the Circuit Court of Shelby County on August 27, 1979. On March 7, 1980, the petition was heard; on July 7, the Circuit Judge filed a memorandum opinion in which he concluded that the petitioner had not carried the burden of proof required by Section 19.3. On August 28, a final judgment was entered, and on September 22, petitioner filed his

1. The previous Rules of the Supreme Court dealing with the discipline of attorneys took effect on January 1, 1976. These Rules were rescinded on January 28, 1981, and new Rules were adopted on that date. Former Rule 42 (Discipline of Attorneys—Misconduct) is now Rule 9 (Disciplinary Enforcement—Misconduct). The numbered sections of former Rule 42, now Rule 9, remain the same.

notice of appeal to this Court. Petitioner was allowed additional time for filing briefs in this Court, and we set this cause for hearing on April 6, 1981.

## SCOPE OF REVIEW

■ Our review under Rule 9 Section 1.3 is "upon the transcript of the record from the Circuit or Chancery Court, which shall include the transcript of evidence before the hearing committee." Our review is de novo upon the record of the trial court. We must presume, however, that the trial court was correct unless the preponderance of the evidence is contrary to his finding.

The review of the trial court under Section 1.3 "shall be on the transcript of the evidence before the hearing committee, its findings and judgment and upon such other proof as either party may desire to introduce. The trial judge shall weigh the evidence and determine the facts by the preponderance of the proof."

Before the hearing committee, the petitioner shall have the burden of demonstrating by clear and convincing evidence that (1) he has the moral qualifications, (2) competency and (3) learning in law required for admission to practice law in this state and (4) that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or (5) subversive of the public interest. Rule 9 Section 19.3. The petitioner must also demonstrate proof of rehabilitation. Rule 9 Section 4.2.

If the hearing panel finds the petitioner fit to resume the practice of law, he shall be reinstated. Rule 9 Section 19.7. The reinstatement may be conditioned upon petitioner's making partial or complete restitution to the parties harmed and may also be conditioned upon the furnishing of proof of competency. Rule 9 Section 19.7.

We must determine whether the petitioner has demonstrated by clear and convincing evidence that he has met the criteria set out in Rule 9 Section 19.3.

## THE EVIDENCE BEFORE THE HEARING PANEL

Petitioner testified at length before the hearing panel. He was born September 4, 1923, in Memphis, Tennessee, and has resided there his entire life. He received his B.S. degree from Memphis State and his L.L.B. degree from Southern Law University in 1956. He was admitted to the Tennessee Bar in April, 1957. He served as Assistant City Attorney for the City of Memphis from 1960 until 1965, being the City Court Prosecutor for three divisions of the City Court. He joined the Public Defender's staff in Shelby County as a parttime Assistant Public Defender in 1965. While on the Public Defender's staff he not only tried cases in the trial courts but also handled appeals. He held this position until February 11, 1974.

The facts which led up to petitioner's indictment and subsequent conviction will be briefly summarized. In January and February of 1974, Harry Scruggs and his father were representing James Gardner in the Tennessee state courts on charges of burglary. Petitioner arranged for Gardner to be released under the pretrial release program. On February 11, 1974, Gardner robbed a branch of the Memphis Bank and Trust Company. Scruggs testified that on February 12, 1974, Gardner came to his and his father's office late in the afternoon with a brief case and paid them $5,000.00 in cash. The Scruggses were not told that the money was part of the proceeds from the bank robbery. They learned that Gardner had been involved in the bank robbery on February 16.

Bruce Kramer was appointed by the United States Magistrate to represent Gardner on the bank robbery charge. Kramer testified at Scruggs' trial that he had asked the Scruggses if Gardner had paid them a fee, that he wanted to get the money back and try to make restitution in order to mitigate Gardner's case, and that the Scruggses had denied receiving any money from Gardner. On February 22, 1974, two F.B.I. agents contacted Scruggs and asked him if he had received money

from Gardner which had come from a bank robbery. Scruggs denied that he had received any money from Gardner, and later testified that he thought that this was within the attorney-client privilege. On February 24, Scruggs panicked and burned the money in his fireplace.

Subsequently, Scruggs requested a meeting with the United States Attorney and on February 28, 1974, appeared with counsel and gave a voluntary statement. He admitted that James Gardner had made cash payments to him. He also admitted that he had denied receiving the payments when he was questioned by Bruce Kramer. He stated that he no longer had the money he and his father had received from Gardner, because he had burned it in his fireplace at home on February 24.

On March 12, 1974, Harry Scruggs, Jr., was indicted for: (1) knowingly possessing, concealing and disposing of money that had been stolen from a federally insured bank; (2) wilfully endeavoring to obstruct, delay and prevent the communication of information to criminal investigators; and (3) comforting and assisting James Douglas Gardner, in order to hinder and prevent his apprehension, with knowledge that Gardner had committed an offense against the United States.

Scruggs was tried and convicted in the United States District Court for the Western District of Tennessee in June, 1975, on counts one and two. The jury found him not guilty of the aiding and comforting charge in count three. Scruggs was sentenced in October 1975 to serve concurrent terms of one year and one day.[2] Scruggs' conviction was affirmed by the United States Court of Appeals for the Sixth Circuit, 549 F.2d 1097 (1977), and certiorari was denied by the United States Supreme Court.

Scruggs began serving his prison sentence on December 11, 1977. On June 1, 1978, he went to a half-way house and began working as a welder. On February 15, 1979, he began working for Film Transit Truck Lines and continues to work there as a clerk.

The record reveals that petitioner had a substantial trial practice from 1960 until 1974. He testified that in addition to his considerable criminal practice he handled collections, bankruptcies, tort cases, insurance cases and chancery cases. He stated that since his release from prison he has been studying to prepare himself to resume the practice of law, particularly in probate and domestic relations. He testified that he had no desire to practice criminal law and that he would confine his practice to civil law. He stated that he had been studying in his father's law office on Saturdays and that he planned to do serious studying for a period of six months. He admits he did wrong—"that was very stupid on my part. It was a mistake. I made it, and I paid for it."

In addition to his testimony, petitioner had four lay witnesses and three attorneys testifying in his behalf. These seven witnesses all testified as to petitioner's good moral qualifications. Disciplinary Counsel called two witnesses, one the prosecutor in the criminal case and the other a member of the Discipline and Ethics Committee of the Memphis and Shelby County Bar Association. We do not find their testimony to be particularly helpful in this reinstatement proceeding.

The hearing panel was "of the opinion that neither the quality nor quantity of proof offered by petitioner measures up to the 'clear and convincing evidence' test, and that petitioner has not carried the burden necessary for reinstatement." If our review were limited to the evidence before the hearing panel, we would agree that the evidence was not clear and convincing and that petitioner should not be reinstated.

---

2. At the time of Scruggs' conviction in 1975, the Supreme Court had not yet adopted Rule 42, now Rule 9. Under Rule 42 Section 14.1 upon the conviction of a serious crime in the trial court an attorney will be immediately suspended, regardless of the pendency of an appeal.

## THE EVIDENCE BEFORE THE TRIAL COURT

In the Circuit Court the petitioner improved substantially the quantity and quality of his proof. We place no special emphasis on the number of witnesses who testify, for our primary concern is whether the witness or witnesses can state that the petitioner has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest. Rule 9 Section 19.3.

██ We are satisfied in reviewing the entire record in this cause, and particularly the additional testimony of thirteen attorneys and thirteen lay witnesses in the Circuit Court proceeding, that the evidence is clear and convincing that petitioner is fit to resume the practice of law in this state, subject to certain conditions. We will not describe in detail the testimony of all twenty-six witnesses in the Circuit Court proceeding. All of the testimony in the Circuit Court would have to be described as favorable; however, some was particularly strong. Furthermore, a stipulation has been made in this Court that petitioner has made restitution to the Memphis Bank and Trust Company of the money that petitioner admits was paid to him by the bank robber, Gardner. On the other hand, the Disciplinary Counsel produced no witnesses in the Circuit Court proceeding; however, he did cross-examine various witnesses.

We reiterate that on the record before the hearing panel, we concur in its decision that the proof did not satisfy the clear and convincing evidence test. However, twenty-six additional witnesses testified in the Circuit Court proceeding. We feel that, based upon the testimony of thirty-three witnesses who testified in petitioner's behalf before the hearing panel and in the Circuit Court and upon the stipulation in this Court, petitioner has satisfied the clear and convincing evidence test; that the preponderance of the evidence is contrary to the trial court's findings; and that petitioner is fit to resume the practice of law.

Before the hearing panel in June 1979, over two years ago, petitioner indicated a course of study he intended to pursue for a period of six months. The record before us is silent as to what petitioner has done during this interim. Petitioner shall submit to this Court, by affidavit, what he has done during the past two years to prepare himself for readmission to the practice of law in this state. Upon receiving this affidavit we shall set the appropriate conditions for reinstatement as provided in Rule 9 Section 19.7.

The costs of this appeal shall be taxed to the petitioner.

Reinstated subject to conditions to be set by the Supreme Court.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.