**STATE of Tennessee, Appellee,**

v.

**Richard A. MARTIN, Appellant.**

Court of Criminal Appeals,
at Nashville.

Nov. 10, 1981.

Permission to Appeal Denied by the Supreme Court Feb. 1, 1982.

**140**

William P. Redick, Jr., Nashville, James R. McKinney, Madison, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Weakley E. Barnard, J. P. Apel, Asst. Dist. Attys., Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal from a judgment of the Criminal Court on a petition for post-conviction relief. The *pro se* petition alleged that his trial counsel was ineffective in the preparation and conduct of the trial and that his motion for a new trial was not filed within the time required by law, hampering his right to appeal. The court authorized the late filing of a motion for a new trial pursuant to T.C.A. § 40–3820(3) but other-

wise denied the petition. The petitioner has elected to abandon a direct appeal after the filing of a motion for a new trial and has pursued an appeal from the judgment of the trial court denying relief on the ground that his trial counsel was ineffective in the preparation and conduct of the trial. After reviewing the record, we conclude that the judgment of the trial court must be affirmed.

On September 21, 1978, the petitioner was convicted of burglary, rape, and two counts of crime against nature. The petitioner was convicted of breaking and entering the apartment of Ms. Deborah Purcell shortly before daylight on the morning of July 24, 1977 and committing the three sex offenses upon her. Acting on information, the police went to the residence of petitioner's brother, Alfred Martin. When the police asked for the petitioner, Alfred Martin told them that the petitioner was not there. Shortly after this, the petitioner voluntarily walked into police headquarters and was subsequently identified by the victim and the victim's boyfriend who was present when the crime occurred. He told a policeman that earlier in the night, he had been to a tavern and that Michael Bolinjack had given him a ride from the tavern to a lady's house on Lischey Street in Nashville. He told the officer that he remained there for a time and then went to the home of Delores Richardson from where he walked to Alfred Martin's apartment.

In his *pro se* petition, the petitioner states that his trial attorney spent approximately 4 hours with him before trial. At the hearing on the petition, he testified that his attorney spent only fleeting moments with him while in the courtroom having the case continued. The attorney testified that he visited the petitioner at the jail 8 or 10 times before trial.

The trial judge accredited the evidence that the trial attorney adequately conferred with the petitioner before trial. This finding of fact is entitled to the weight of a jury verdict; it is binding upon this court unless the evidence preponderates against it. *Tooley v. State*, 477 S.W.2d 250

(Tenn.Cr.App.1971); *Janow v. State*, 4 Tenn.Cr.App. 195, 470 S.W.2d 19 (1971). We do not find that the evidence preponderates against the trial court's finding of fact.

The petitioner further alleges that his trial attorney did not conduct adequate pretrial investigation and complains because the attorney filed no pretrial discovery motions. The trial attorney was employed after the preliminary hearing. According to the evidence, including the testimony of petitioner, he was represented at the preliminary hearing by Mr. John Kyle of the Public Defender's office. The Public Defender's office had conducted an extensive investigation. There is evidence, accredited by the trial judge, that the trial attorney conferred with Mr. Kyle and an investigating police officer. An Assistant District Attorney General also freely discussed the State's evidence with trial counsel. The trial court found that the trial attorney was reasonably informed of the facts of the crime and of the State's evidence. The evidence does not preponderate against this finding.

It is true that the trial attorney did not know in advance that the petitioner's shoes and a $1.00 bill were taken from him. However, a lawyer is entitled to rely upon his client for this type information. The victim had testified that the intruder in her apartment took a $1.00 bill from her and she identified the shoes of the petitioner as those worn by the intruder. There is no suggestion that the petitioner or his attorney would have benefited or that the victim's testimony would have been different had the attorney seen these exhibits prior to trial.

In his *pro se* petition, the petitioner complains that the attorney failed to subpoena two alibi witnesses. At trial, his testimony increased this list to four witnesses. At the hearing, the petitioner testified that he was at the home of Delores Richardson when the crime was committed. According to the testimony of the trial attorney, corroborated by other evidence, Delores Richardson made a pretrial statement that she did not see the petitioner, was not acquainted with him, and had never been with him. Trial counsel testified that only the names of Delores and Barbara Richardson and the petitioner's brother, Alfred Martin, were furnished to him. Trial counsel explained that he did not elect to use the testimony of Alfred Martin because he was aware of the fact that after the crime, Alfred Martin had told the police that the petitioner was not at his residence when the police came to his residence searching for the petitioner. The trial attorney's decision was partly based also on the fact that Alfred Martin was incarcerated at the time of trial. At the post conviction hearing, the petitioner testified that counsel should have also called Barbara Richardson as an alibi witness. The trial judge accredited the testimony of trial counsel that he talked with Barbara Richardson before trial and that her testimony would not have benefited the petitioner's alibi defense. The failure to call these witnesses was a legitimate exercise of counsel's trial tactics. *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978); *Head v. State*, 570 S.W.2d 362, 366 (Tenn. Cr.App.1978).

Further, only Alfred Martin testified at the post conviction hearing. The other alleged alibi witnesses were not called as witnesses and no affidavits were filed. There was no credible evidence before the trial court or this court as to what these witnesses' testimony would have been if introduced as a witness in the petitioner's criminal trial. There is no credible evidence that these alleged witnesses would have given material evidence. We would not destroy a conviction because counsel failed to introduce witnesses without a showing that the witnesses were actually beneficial to the defense. See *Shephard v. State*, 533 S.W.2d 335 (Tenn.Cr.App.1975).

The petitioner complains that his attorney failed to file a pretrial motion to suppress identification evidence as provided in Rule 12(b)(3), Tenn.R.Crim.P. The attorney objected to the evidence of a pretrial identification at the time the evidence was offered during trial. The basis for objec-

tion was the mode of the confrontation when the pretrial identification was made. After a full jury-out hearing, the trial judge overruled the objection on the merits. The petitioner insists that since the motion to suppress was not made pretrial, he is precluded from relying on the admission of this evidence on appeal because of the provisions of Rule 12(b)(3), Tenn.R.Crim.P., and this court's holding in *Feagins v. State*, 596 S.W.2d 108 (Tenn.Cr.App.1979). The indictment in this case was returned on September 26, 1977. The Rules of Criminal Procedure became effective on July 13, 1978 and the case was tried September 18–21, 1978. Rule 59, Tenn.R.Crim.P. provides that the rules shall govern all criminal proceedings commenced after the effective date of the rules (July 13, 1978), "and so far as just and practicable, all proceedings then pending." The rules were not in effect when the indictment was returned commencing this prosecution and they only became effective about two months before the petitioner's trial. Under these circumstances, it was not practical to enforce the provision of Rule 12(b)(3) and the identification question was adequately preserved for direct appeal. In the *Feagins* case, Feagins complained that a search was unlawful and failed to file a pretrial motion. This court, after pointing out the failure of Feagins to comply with Rule 12, proceeded to consider the validity of the search on its merits.

Prior to the effective date of the Rules of Criminal Procedure, it was the universal practice in this State to wait until evidence was offered at trial before objecting or moving to suppress. This continued to be widespread and accepted practice of the bench and bar until after the Supreme Court denied permission to appeal in the *Feagins* case on March 10, 1980. The failure of counsel to file a pretrial motion to suppress in the context of this case does not place him below the level of competence expected of criminal attorneys.

The petitioner complains that trial counsel's cross examination of the victim was overly aggressive, and "could" have alienated the defendant and his counsel from the jury. This is a hindsight speculation upon strategy of counsel. There is no merit in this contention. *Long v. State*, 510 S.W.2d 83, 88 (Tenn.Cr.App.1974); *Williams v. State*, 599 S.W.2d 276 (Tenn.Cr.App.1980).

■ The petitioner complains that trial counsel did not cross examine the victim with reference to a pretrial statement she had given to police. This statement was introduced into evidence. Defense counsel caused the statement to be examined by the jury for the purpose of comparison with the victim's testimony. This, too, is a matter of strategy and tactics upon which we will not attempt to "second guess" counsel.

The petitioner complains that trial counsel did not seek reduction of his $55,000.00 bail bond. While this in no way affected the outcome of the trial, we observe that there is no showing that the bond was unreasonable and legal grounds existed for reduction of the bond. Trial counsel testified that from his conversation with the petitioner and his family, there appeared to be no chance of the petitioner being able to make a bond in excess of $10,000 or $15,000. No request was made of trial counsel to seek reduction of the bond. The petitioner testified at the post conviction hearing that he "possibly" could have made a $30,000 bond. This evidence does not indicate that counsel was ineffective.

The petitioner complains of trial counsel's plea bargain negotiations. The petitioner testified that immediately before trial, his attorney told him that the State was willing to accept a guilty plea with a sentence of 8 years in the penitentiary. Petitioner testified that he told his attorney that he would not plead guilty under any circumstances and denied the State's offer. During the second day of the trial, at which time trial counsel says that the petitioner admitted his guilt, the petitioner decided to take the offer of 8 years. This fact was communicated to the Assistant District Attorney by trial counsel but the State declined to plea bargain during the latter stages of the trial. The offer was originally communicated to the petitioner immediately upon receipt by trial counsel. We find no fault with counsel in this regard.

The petitioner places great emphasis on the inadequacy of trial counsel's case file. It is apparent that at least a portion of the file had been misplaced at the time of the post conviction hearing. We place little significance in this fact. Very often good lawyers are poor record keepers.

█ We concede that the petitioner's trial counsel was not a perfect lawyer. There are no perfect lawyers. However, we do not find that the evidence preponderates against the trial court's finding that trial counsel met the standards required by *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

The judgment of the trial court is affirmed.

WALKER, P. J. and WEATHERFORD, Special Judge, concur.