Edgar GILLOCK, Appellee,

v.

The BOARD OF PROFESSIONAL RESPONSIBILITY OF the SUPREME COURT OF TENNESSEE and Mary Woodroof, Executive Secretary, Appellants.

Supreme Court of Tennessee, at Jackson.

Sept. 6, 1983.

Lance B. Bracy, Chief Disciplinary Counsel, The Bd. of Professional Responsibility of the Supreme Court of Tennessee, Nashville, for appellants.

James D. Causey, Hal Gerber, Memphis, for appellee.

## OPINION

COOPER, Justice.

The Board of Professional Responsibility of the Supreme Court of Tennessee has appealed from an order suspending Senator Edgar Gillock from the practice of law for six months for failing "to properly avoid the appearance of professional impropriety as set forth in Canon Nine of the Code of Professional Responsibility." The Board insists that the suspension ordered by the trial judge is inadequate. It also insists that the evidence preponderates against the findings of the trial judge exonerating Mr. Gillock of charges of influence peddling and bribery. In our opinion, the record supports the findings of the trial judge and the judgment based on those findings. We, therefore, affirm the judgment entered in the trial court.

The Board of Professional Responsibility filed charges against Senator Gillock on January 31, 1978, charging him with misconduct in 1972 and 1975. The 1972 and 1975 incidents were the bases of indictments returned against Mr. Gillock in the United States District Court for the Western District of Tennessee. The charges of the Board of Professional Responsibility paralleled the charges set out in the indictments.

In the 1972 incident, Senator Gillock was charged with accepting money to unlawfully procure master electricians' licenses for Donald Bumpas, Bobby Davis, Gary Davis, and Sammy Robbins. In the 1975 incident, Senator Gillock was charged with having attempted to "peddle his influence" as a senator in connection with the extradition of one John Williams. The Board also charged that Mr. Gillock violated Canon Nine of the Code of Professional responsibility by "failing to avoid the appearance of professional impropriety in his actions" in respect to the two incidents set forth with particularity in the charges.

The Hearing Committee designated by the Board elected to proceed to trial, though this concededly placed Mr. Gillock in the unenviable position of having to forego testifying before the hearing committee or, if he elected to testify, jeopardizing his defense against the criminal charges pending against him. Understandably, Senator Gillock elected not to testify before the hearing committee, which left the charges against him virtually uncontested. The hearing committee found Senator Gillock guilty of the several charges of professional misconduct set forth in the complaint and recommended permanent disbarment.

Senator Gillock sought and was granted a review of the judgment of the hearing committee in the Circuit Court of Shelby County. Under Rule 9, Section 1.3 of the Rules of the Supreme Court, the review in the trial court was to be "on the transcript of the evidence before the hearing committee, its findings and judgment and upon such other proof as either party may desire to introduce." The trial judge is charged with the duty of "weigh[ing] the evidence and determin[ing] the facts by the preponderance of the proof."

While the disciplinary proceeding was pending in the circuit court, Senator Gillock was tried on two different occasions in the United States District Court on charges paralleling those brought by the Board of Professional Responsibility. The jury was unable to agree on a verdict in either of the trials; and, subsequently, the criminal charges were dismissed. The testimony of witnesses and exhibits introduced in the trials were filed as evidence in the disciplinary proceeding, along with evidence heard by the hearing committee and the testimony, in person, by Senator Gillock. It is interesting to note that the only witness

testifying orally before the trial judge was Senator Gillock.

The trial judge pointed out in his memorandum opinion that:

the testimony introduced in the two federal cases was more elaborate and encompassed a greater number of witnesses than those submitted to the members of the panel hearing board in January of 1980. By virtue of these facts and circumstances, [the trial court's] horizons were broadened and extended, and the Court's legal vantage point was elevated over that of the panel members' because of the live testimony of [Senator Gillock] and because of the added testimony of new witnesses which were used in the federal court cases, but which were not present or made available to the panel members at their hearing in January of 1980.

The trial judge further noted that the facts with regard to the charge of bribery relative to the attempt to obtain master electrician's licenses "are as legion as they are contradictory," and concluded that "the sum total of this conflicting and questionable testimony" is insufficient to prove the charge. The trial judge also found that the testimony of Ruth Howard, the principal witness against Senator Gillock on the charge of influence peddling, was "simply not credible." The trial judge went on to find that:

When all facts, tainted and sordid or otherwise, are considered in the light of truth and reason, the Court concludes that the Board's charge which alleges influence peddling and misrepresentation has not been established by a preponderance of credible proof and should be dismissed; . . .

■ Our review under Rule 9 Section 1.3 is *de novo* "upon the transcript of the record from the Circuit or Chancery Court, which shall include the transcript of evidence before the hearing committee." We must presume, however, that the trial court was correct unless the preponderance of the evidence is contrary to his finding.

*Scruggs v. Bracy,* 619 S.W.2d 101 (Tenn. 1981).

■ The decision on the charges of bribery and influence peddling turns upon the credibility of the several witnesses involved. In deciding the issue of credibility, the trial judge had an advantage over both the hearing committee and this court. The evidence introduced in the trial court was more complete than that considered by the hearing panel. Further, the trial judge had the opportunity to consider the manner and demeanor of Senator Gillock while he was being questioned. The appellate courts of this state have pointed out on numerous occasions that the trial judge is in a much better position than the appellate court is to weigh and evaluate the testimony of a witness, who testifies orally; and, as a consequence, the appellate court gives great weight to the trial judge's findings on the issue of credibility. *See National Service Fire Ins. Co. v. Williams,* 61 Tenn.App. 362, 454 S.W.2d 362 (1969). The trial judge gave his evaluation of the key witnesses in this case, and the bases for his evaluation. We cannot say from our review of the record that the evidence preponderates against the trial judge's finding on the issue of credibility and the concomitant finding that Senator Gillock was not guilty of the charges of bribery and influence peddling.

Though finding that the evidence in the record is insufficient to show Senator Gillock guilty of either bribery or influence peddling, the trial judge pointed out that Senator Gillock had been guilty of poor judgment and had allowed his legal affairs and his legislative duties to inadvertently become commingled, and that this commingling fostered doubt and cast suspicion on his dual roles as attorney and state senator. From this, the trial judge concluded that Senator Gillock's actions "indeed failed to properly avoid the appearance of professional impropriety as set forth in Canon Nine of the Code of Professional Responsibility." For this appearance of impropriety, the trial judge ordered that Senator Gillock be suspended from the practice of law for a period of six months. Senator Gillock did

not appeal this decision. The Board, however, did and insists that the punishment is inadequate. From our review of the record, we find no basis to increase the punishment imposed by the trial court.

The judgment of the trial court is affirmed, and the cause is remanded for enforcement of the trial court's judgment. Costs incident to the appeal will be paid by the Board of Professional Responsibility.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.