**Richard A. MARTIN, Petitioner-Appellee,**

v.

**Jim ROSE, Warden, Tennessee State Prison for Men, Respondent-Appellant.**

No. 83–5146.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1983.

Decided Sept. 16, 1983.

William M. Leech, Jr., Atty. Gen. of Tennessee, Jerry L. Smith (argued), Asst. Atty. Gen., Nashville, Tenn., for respondent-appellant.

William P. Redick, Jr. (argued), Lionel R. Barrett, Jr., Nashville, Tenn., for petitioner-appellee.

Before LIVELY and JONES, Circuit Judges, and RUBIN,* District Judge.

PER CURIAM.

The respondent appeals from an order of the district court granting the writ of habeas corpus to the petitioner, a prisoner of the State of Tennessee. Petitioner was convicted of first degree burglary, rape, and two counts of "crimes against nature" and sentenced to a term of from 65 to 80 years in the state penitentiary. Both in his direct appeal and in the petition for post-conviction relief the plaintiff alleged that he had been denied effective assistance of counsel. After holding an evidentiary hearing on the petition for post-conviction relief the state trial court granted limited relief to the extent of permitting the petitioner to file a delayed appeal from his conviction. One of the instances of ineffective assistance of counsel relied upon in the petition was the failure of trial counsel to take a direct appeal. The Tennessee Court of Criminal Appeals consolidated the direct appeal with petitioner's appeal from the denial of full post-conviction relief and affirmed the decision of the state trial court that Martin had not been denied effective assistance of counsel. *State v. Martin,* 627 S.W.2d 139 (Tenn.Cr.App.1981). The Tennessee Supreme Court denied Martin's application for permission to appeal, and Martin then filed his petition for habeas corpus relief in the United States District Court for the Middle District of Tennessee. This petition also raised the issue of effective assistance of counsel.

After receiving transcripts of Martin's trial and post-conviction hearing, the district court conducted an evidentiary hearing at which it heard testimony from trial witnesses and two persons whom Martin identified as alibi witnesses who were not called to testify at his trial. The district court

---

* The Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

concluded that petitioner had been denied the effective assistance of counsel and granted a writ of habeas corpus conditioned on the state's failure to retry him within 90 days. The respondent appeals from that order.

The district court found that trial counsel failed to render effective assistance in that he did not conduct a full investigation of the crime with which petitioner was charged, he consulted with the petitioner only briefly, he failed to undertake any formal discovery and he failed to interview persons identified by the petitioner as witnesses favorable to his cause. The state trial court had made specific findings that the attorney did confer with Martin prior to trial, that he conducted informal pre-trial discovery, that he made a decision not to call alleged alibi witnesses for tactical reasons, that he conducted a rigorous, thorough and complete cross-examination of prosecution witnesses and that his failure to file a timely motion for a new trial was due to inadvertence. The Tennessee Court of Criminal Appeals held that the trial court's conclusion that the activities of counsel met the standards required by this court and by the Supreme Court of Tennessee was supported by a preponderance of the evidence.

On appeal respondent contends that the district court failed to accord the findings of the Tennessee trial court and the Tennessee Court of Criminal Appeals the deference required by 28 U.S.C. § 2254(d) and decisions of the Supreme Court, particularly *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), and *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The petitioner argues that the presumption of correctness set out in 28 U.S.C. § 2254(d) applies only to factual determinations and that the question of whether counsel rendered effective assistance is a question of law rather than one of fact. Petitioner also contends that some of the factual determinations made by the state court were not fairly supported by the record and thus are not entitled to a presumption of correctness because of the exceptions set forth in 28 U.S.C. § 2254(d)(8):

§ 2254

\* \* \* \* \* \*

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

\* \* \* \* \* \*

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record . . . .

The record in this case discloses very little contact between the attorney and petitioner prior to trial, ignorance by the attorney of some of the contents of an investigative file assembled by the public defenders' office which had represented Martin through his preliminary hearing, no formal discovery by counsel and a failure to interview witnesses identified by petitioner in order to determine whether they should be called at trial. We agree with the district court that the conduct of petitioner's attorney prior to the trial and in entering the trial without any defense while making no effort to obtain a plea bargain constituted ineffective assistance of counsel as defined by this court in *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974). To the extent that the district court made findings of fact which were inconsistent with determina-

tions made by the state courts we conclude that such determinations by the state courts are not fairly supported by the record. 28 U.S.C. § 2254(d)(8).

The judgment of the district court is affirmed.