**OFFICE OF DISCIPLINARY COUNSEL and the Board of Professional Responsibility of the Supreme Court of Tennessee, Appellee,**

v.

**James R. McKINNEY, Appellant.**

Supreme Court of Tennessee, at Nashville.

April 2, 1984.

William W. Hunt, III, Disciplinary Counsel, Nashville, for appellee.

D.L. Lansden, Robert E. Boston, Nashville, for appellant.

## OPINION

DROWOTA, Justice.

This is an appeal from a chancery court judgment imposing a six month suspension from the practice of law on Appellant, James R. McKinney. The Board of Professional Responsibility filed a petition for discipline against McKinney alleging generally that he had been guilty of negligence and incompetence in his representation of each of four clients, Willie Lee Davis, Richard A. Martin, Edward O. Hill and Marie O. Powell. The petition alleges misconduct and cites violations of several disciplinary rules. McKinney, in his answer, takes issue with the allegations that any of his admitted neglect was done maliciously or intentionally or that he violated any of the disciplinary rules. After a full evidentiary hearing, the Hearing Panel found that McKinney was grossly negligent in the handling of the Martin, Hill and Powell matters, but dismissed the charges relative to the Davis matter. Specifically, the panel found no evidence of intentional misconduct, and recommended that McKinney be publicly censured.

Pursuant to Supreme Court Rule 9, section 1.3, the Board filed a petition for certiorari in the Chancery Court of Davidson County, citing as error the panel's failure to recommend suspension from practice, the failure to find dishonesty, misrepresentation, fraud or deceit, and the dismissal of the Davis matter. Judge Herman L. Reviere, sitting by designation, presided over the proceedings in Chancery Court. In addition to the transcript of the evidence before the Hearing Panel, the Trial Judge heard testimony from various character witnesses for McKinney and admitted into evidence, over McKinney's objection, the Federal District Court opinion in the habeas corpus proceedings of Richard A. Martin. The Trial Judge held that public censure was not sufficient and ordered that McKinney be suspended from the practice of law for six months beginning January 1, 1984.

McKinney appeals the Trial Judge's ruling citing as error the introduction of the opinion in the habeas corpus proceeding and the substitution of suspension for the punishment rendered by the Hearing Panel on the grounds that the evidence does not justify suspension. The Board argues that six months suspension is insufficient and also seeks to introduce, through a Rule 14 Motion for Consideration of Post-judgment Facts, the opinion of the Sixth Circuit Court of Appeals affirming the Federal District Court ruling.

## SCOPE OF REVIEW

Our scope of review in disciplinary matters is defined under Rule 9, section 1.3 as being "upon the transcript of the record from the circuit or chancery court, which shall include the transcript of evidence before the hearing committee." The standard of review is de novo upon the record of the trial court with a presumption of correctness given to the trial court unless the evidence preponderates against those findings. *Gillock v. Board of Professional Responsibility of the Supreme Court*, 656 S.W.2d 365, 367 (Tenn.1983); *Scruggs v. Bracy*, 619 S.W.2d 101, 103 (Tenn.1981).

The review by the trial court "shall be on the transcript of the evidence before the hearing committee, its findings and judgment and upon such other proof as either

party may desire to introduce. The trial judge shall weigh the evidence and determine the facts by the preponderance of the proof." Rule 9, section 1.3; *see also, Scruggs v. Bracy, supra* at 103.

## DAVIS MATTER

In the Davis matter, the Hearing Panel found that Disciplinary Counsel failed to prove that Davis had employed McKinney and dismissed the charges. The Chancery Court made no findings to the contrary. The record supports the decision of the Hearing Panel and we affirm.

## MARTIN MATTER

The Martin matter is somewhat more complicated and requires a review of the proceedings below. McKinney defended Martin on charges of burglary, rape and two counts of crimes against nature. Martin was convicted on all charges and sentenced to serve five to ten years for the burglary conviction, forty years for the conviction of rape, and ten to fifteen years each for both convictions of crime against nature, all sentences to run consecutively. McKinney failed to file a motion for a new trial within the time prescribed by Tennessee Rules of Criminal Procedure 33(b). Subsequently, Martin filed a *pro se* petition for post conviction relief alleging that his trial counsel was ineffective in the preparation and conduct of the trial and that his motion for a new trial was not filed within the time required by law, hampering his right to appeal.

The Criminal Court authorized the late filing of a motion for a new trial pursuant to T.C.A. 40–30–120(3), but otherwise denied the petition. Martin elected to abandon a direct appeal after the filing of a motion for a new trial and instead appealed the ruling of the trial court denying relief on the ground of ineffective assistance of counsel. Following a careful analysis of the allegations in Martin's *pro se* petition, the Court of Criminal Appeals affirmed the trial court.

We concede that the petitioner's trial counsel was not a perfect lawyer. There are no perfect lawyers. However, we do not find that the evidence preponderates against the trial court's finding that trial counsel met the standards required by *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975).

*State v. Martin*, 627 S.W.2d 139, 143 (Tenn.Cr.App.1981).

As a preliminary matter before the Hearing Panel, McKinney filed a motion for partial summary judgment as to the Martin matter relying on the opinion of the Court of Criminal Appeals in the case of *State v. Martin, supra.* The Hearing Panel overruled the motion after taking it under advisement.

Subsequent to the proceedings before the Hearing Panel, but prior to the Panel rendering a decision, Judge L. Clure Morton granted a conditional writ of habeas corpus to Martin following proceedings in Federal District Court. A memorandum opinion filed by Judge Morton in connection with those proceedings was introduced as evidence in chancery court during the hearing before the Trial Judge. McKinney objected to the introduction of Judge Morton's opinion into evidence.

The Martin matter, therefore, presents the issue of the effect on this disciplinary proceeding of the opinions of the state and federal courts in Martin's post conviction hearings. McKinney argues that the findings of the trial court and the Court of Criminal Appeals in *State v. Martin, supra,* are conclusive and binding in these proceedings. We do not agree. We also point out that Judge Morton's opinion and decision to grant Martin's writ of habeas corpus is not conclusive nor binding on these proceedings.

The proceedings and issues wherein Martin sought post conviction relief in state and federal courts were separate and distinct from the proceedings and issues in the instant case. McKinney was not a party in either the state or federal court cases and the issues involved did not address whether he violated the Code of Professional Responsibility. McKinney is

entitled to his "day in court" on the allegations of professional misconduct, and the opportunity to answer the charges leveled against him by the Board of Professional Responsibility. The Board must offer proof before the Hearing Panel in order to establish the occurrence of the violations alleged. Opinions from the state and federal courts are not facts to be considered in evidence. McKinney may not rely on the state court determination in *State v. Martin, supra,* that he was not ineffective, and Disciplinary Counsel may not rely on Judge Morton's decision that he was ineffective.

■ McKinney argues that the trial court erred by admitting Judge Morton's opinion into evidence and that this error was prejudicial. We agree that it was error to admit the opinion into evidence for the above stated reasons; however, this was harmless error. The record of the proceedings in Chancery Court does not show in any way that the judge relied on the federal court opinion in reaching his conclusions and decision to impose six months suspension. Furthermore, the record of the proceedings before the Hearing Panel clearly indicates that the Panel did not rely on the opinion from the Court of Criminal Appeals when deciding the case at bar. As stated above, McKinney relied on *State v. Martin, supra,* in support of his motion for partial summary judgment. The Hearing Panel overruled this motion and proceeded to receive evidence from both parties.

Disciplinary counsel has filed a motion in this Court for consideration of post-judgment facts pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure. The motion requests this Court to consider the decision of the United States Sixth Circuit Court of Appeals in the case of *Martin v. Rose,* 717 F.2d 295 (6th Cir.1983). This decision affirms the judgment of the United States District Court granting Martin's writ of habeas corpus.

■ Rule 14 contemplates "facts concerning the action that occurred after judg-ment." As noted in *State v. Doe,* 588 S.W.2d 549 (Tenn.1979), "[t]he purpose of a rule 14 motion is to bring before the court material facts that arise after judgment." *Id.* at 551. The Sixth Circuit opinion is not a "fact" that falls under rule 14. It is merely a review of the record of the District Court and creates no new facts. Accordingly, the motion for consideration of post-judgment facts is denied.

In the Martin matter, the Hearing Panel was of the opinion that McKinney violated DR 6–101(A)(2) and (3) which reads as follows: "A lawyer shall not: (2) Handle a legal matter without preparation adequate in the circumstances. (3) Neglect a legal matter entrusted to him." The Panel further found "no preponderance of evidence in regard to the other alleged violations of disciplinary rules in regards to this matter."

The Trial Court in its memorandum opinion did not go into each matter separately, but generally found that McKinney was guilty of "gross negligence."

## HILL AND POWELL MATTERS

■ The Hill and Powell matters are similar in that both involve civil actions in which McKinney admitted that he allowed the statute of limitations to expire. The Hearing Panel concluded that the proof in these matters "was fraught with contradiction as to [McKinney] engaging in conduct involving dishonesty, fraud, deceit or misrepresentation," and made no finding in this regard. However, the Panel did find that McKinney "neglected a legal matter entrusted to him and failed to represent a client zealously, causing prejudice or damage to his client during the course of the professional relationship." With regard to the Hill matter, both Hill and McKinney testified that the matter had been settled. The Powell matter presents a different problem. After learning that McKinney had allowed her cause of action to be barred by the statute of limitations, Mrs. Powell filed a malpractice action against

McKinney.[1] The parties were unable to reach a settlement agreement and the case went to trial resulting in a verdict against McKinney. Mrs. Powell brought her suit against McKinney more than one year after the statute of limitations had expired in her original suit. In other words, she filed her malpractice claim against McKinney after the statute of limitations for that action had run. The judge presiding over the case between Mrs. Powell and McKinney instructed the jury as follows:

> [I]f you find from the greater weight of the evidence that the plaintiff discovered or in the exercise of reasonable diligence should have discovered that the defendant had negligently mishandled her claim against the original wrongdoers more than one year before the commencement of this case, then the plaintiff cannot recover unless such mishandling was fraudulently concealed from her by the defendant.

■ The Trial Judge found that McKinney "was guilty of gross negligence in the matters presented and ... that a jury found him guilty of either fraud or misrepresentation in the Powell case in giving a judgment against Mr. McKinney for malpractice after the statute of limitations had run." The Trial Judge continued, stating that "[f]ailure to pursue the claim on behalf of a client in one or more cases within the statute of limitations period and concealing such fact through misrepresentation warrants a suspension." The Powell transcript was not made a part of this record by disciplinary counsel. It is incumbent upon disciplinary counsel to put in the record evidence to support misconduct. We have only the complaint, the answer and amended answer thereto, the judgment and the Trial Judge's charge to the jury. Therefore, there being no other evidence presented to the Trial Judge on the issue of whether or not McKinney concealed the fact that Mrs. Powell's statute of limitations had expired, it is obvious the Trial

Judge relied on the jury verdict in reaching the conclusion that McKinney was guilty of misrepresentation in concealing the fact. We find such reliance erroneous. Based upon the charge to the jury, Mrs. Powell could have avoided the statute of limitations defense facing her, and recovered, if the jury found: (1) Mrs. Powell did not discover McKinney's negligence; (2) Mrs. Powell, in the exercise of reasonable care, should not have discovered McKinney's negligence; or (3) McKinney fraudulently concealed his negligence from Mrs. Powell. The jury returned a general verdict. The jury had three alternatives from which to find McKinney liable, and it was improper for the Trial Judge to conclude that McKinney was guilty of misrepresentation in concealing the fact.

## CONCLUSION

The final issue raised by both parties is the propriety of the six month suspension imposed by the trial court. As stated above, the Trial Judge must review "the evidence and determine the facts by the preponderance of the proof." Rule 9 section 1.3. The Hearing Panel found McKinney guilty of gross negligence but found "no evidence of intentional misconduct." The Trial Judge reviewed the record of the evidence presented to the Panel with the additional testimony of McKinney and character witnesses who testified on his behalf. As we have already pointed out, the opinions from state and federal court concerning McKinney's competency in the Martin matter were not properly before the Trial Judge as evidence to be considered on the issue of McKinney's professional improprieties. Furthermore, the Trial Judge placed undue weight on the jury verdict against McKinney in the malpractice action brought by Mrs. Powell, and without a transcript, drew an erroneous conclusion from that verdict. What was properly before the Trial Court to review was essen-

---

**1.** Normally the failure to file an action within the time prescribed by law gives rise to a civil action for malpractice, but is not an appropriate matter for a disciplinary proceeding unless there is evidence that the attorney fraudulently concealed from his client the running of the statute of limitations.

tially the same evidence on which the Hearing Panel made its findings and recommendations.

Unless that evidence preponderates against the findings by the Panel, the Trial Judge erred by imposing a harsher sentence than that imposed by the Panel. It is our opinion that the record supports the conclusions reached by the Hearing Panel that McKinney was "grossly negligent in regard to those matters involving Hill, Powell and Martin ... However, the Panel finds no evidence of intentional misconduct." Accordingly, the punishment imposed by the Trial Court is reversed and the Panel's recommendation, that McKinney be publicly censured, is reinstated. The costs of this appeal are taxed to Appellee.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.