**Morris E. GANNON, Jr.,
Petitioner-Appellee**

v.

**BOARD OF PROFESSIONAL RESPONSIBILITY OF the SUPREME COURT OF TENNESSEE, Respondent-Appellant.**

Supreme Court of Tennessee.

May 14, 1984.

Joseph L. Mercer, II, Disciplinary Counsel, Nashville, for respondent-appellant.

Morris E. Gannon, Jr., Memphis, for petitioner-appellee.

OPINION

DROWOTA, Justice.

This case involves Morris E. Gannon's petition for reinstatement to the practice of law which was filed pursuant to Rule 9, Section 19, Rules of the Supreme Court. Disciplinary Counsel acting on behalf of the Board of Professional Responsibility filed this appeal seeking review of the trial court's decision to grant Gannon's petition.

This matter was brought before the Hearing Committee on July 16 and 27, 1982. Gannon's proof consisted of several

witnesses who testified on his behalf, and Gannon's own testimony. Disciplinary Counsel's proof consisted of one witness from the Memphis and Shelby County Bar Association and the discovery deposition of Gannon taken on April 12, 1982. The Hearing Committee took the matter under advisement and filed findings of fact and their conclusions which we will now reiterate.

In 1967, the Discipline and Ethics Committee of the Memphis and Shelby County Bar Association filed nine charges against Gannon regarding alleged misconduct and violation of the Canons of Ethics. Gannon was charged with mishandling certain funds. After hearings by the Discipline and Ethics Committee, he was found guilty of eight of the nine charges. Based on these findings the Committee recommended that he be asked to surrender his license and if he failed to do so that disbarment proceedings be instituted.

Gannon filed a petition for voluntary surrender and revocation of law license admitting violations of certain sections of the Tennessee Code. On June 1, 1967, an order was entered by this Court revoking his license to practice law.

In 1972, Gannon filed a petition for reinstatement which was denied by this Court. On November 9, 1981, he again filed a petition for reinstatement which is the subject of this appeal.

From the time he surrendered his license, Gannon has held several jobs which include working for an automobile body shop, trucking company, used car dealer, collection agency, security guard service and preparation of tax returns. He has participated in charitable, civic and church activities and held jobs where he has handled money without incident. However, Gannon's job as debit agent for John Hancock Life Insurance Company was terminated following the discovery of a shortage of $600.00. Subsequently, a claim was made against him which he paid.

The records from the Juvenile Court of Memphis and Shelby County, show that from June 16, 1970, through August 21, 1978, there were twenty-seven complaints filed against Gannon by his former wife. The majority of the charges were for contempt in connection with failure to pay child support. There were also instances in which the court issued *pro corpus* warrants to have Gannon picked up for failure to appear in court and on numerous occasions he was held in contempt. In 1975 he was confined to the Shelby County Jail for thirty days on a finding of contempt.

Wilbur Ruleman, whose testimony was offered by Disciplinary Counsel, was assigned by the Discipline and Ethics Committee of the Memphis and Shelby County Bar to investigate certain charges against Gannon which resulted in the surrender of his license in 1967. He testified that during the course of the hearings with regard to those charges, he encountered serious problems with witnesses due to efforts on the part of Gannon to prevent them from testifying. Although this was denied by Gannon, the Hearing Committee, in resolving the conflict in testimony, found that Gannon did contact and attempt to persuade witnesses not to testify.

The Committee concluded that Gannon had not met the burden of demonstrating by clear and convincing evidence that he has the moral qualification, competency and learning in law required for admission to practice law in this State [1] and that he failed to demonstrate that his resumption of the practice of law within the State will not be detrimental to the integrity and standing of the Bar or the administration of justice, or subversive to the public interest, as required by Rule 9, Section 19.3, Rules of the Supreme Court.

This decision was appealed to the trial court and was reviewed by that court on the record. Neither Gannon nor Disciplinary Counsel offered additional proof or

---

1. Gannon stipulated that his reinstatement would be conditioned upon passing the Bar Exam.

testimony. The court reversed the judgment of the Hearing Committee and entered an order authorizing Gannon's reinstatement to practice law upon successfully completing the examination for admission to practice law in this State.

The issue before this Court is whether Gannon has demonstrated by clear and convincing evidence that he has met the criteria set out in Rule 9, Section 19.3. This same issue was before us in the case of *Scruggs v. Bracy*, 619 S.W.2d 101 (Tenn. 1981), wherein we outlined the scope of review of disciplinary matters.

Our review under Rule 9 Section 1.3 is "upon the transcript of the record from the Circuit or Chancery Court, which shall include the transcript of evidence before the hearing committee." Our review is de novo upon the record of the trial court. We must presume, however, that the trial court was correct unless the preponderance of the evidence is contrary to his finding.

The review of the trial court under Section 1.3 "shall be on the transcript of the evidence before the hearing committee, its findings and judgment and upon such other proof as either party may desire to introduce. The trial judge shall weigh the evidence and determine the facts by the preponderance of the proof."

*Id.* at 103.

The trial judge based his decision on the same evidence that was before the Hearing Committee. "Unless that evidence preponderates against the findings by the [Committee], the trial judge erred" in reversing the Hearing Committee's recommendation. *Office of Disciplinary Counsel v. McKinney*, 668 S.W.2d 293 (Tenn.1984). After careful review of the record, we are of the opinion that the evidence does not preponderate against the findings and conclusions of the Hearing Committee and the trial judge erred in reversing the Committee.

Notwithstanding the fact that numerous witnesses testified to Gannon's moral character and integrity, the various instances of misconduct found by the Hearing Committee and supported by the record are not overcome by this testimony. We agree with the Hearing Committee that the evidence was not clear and convincing. Accordingly, Gannon's petition for reinstatement is denied. The costs of this appeal are taxed to appellee.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.