IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE 1996 SESSION

FILED

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JERRY DORSEY,           )
                        )
        Appellant,      )      No. 02C01-9508-CR-00218
                        )
                        )      Shelby County
v.                      )
                        )      Honorable W. Fred Axley, Judge
                        )
STATE OF TENNESSEE,     )      (Post-Conviction)
                        )
        Appellee.       )

**DISSENTING OPINION**

I respectfully disagree with the results reached in the majority opinion. I believe that a remand is unnecessary in that the denial of post-conviction relief should be affirmed on the merits.

As a starting point, I believe that the record is incomplete in a fashion that precludes us from barring the third post-conviction petition as untimely filed. At the beginning of the evidentiary hearing, the following exchange occurred between the appellant's counsel and the trial court:

> COUNSEL: Just for the record, Your Honor, Mr. Dorsey had initially filed a pro se petition for post-conviction relief, which the first one was dismissed without a hearing.
>
> He filed an amended post-conviction relief, which was given a new number; and that jacket has since been unable to be found.
>
> He filed this one, which was technically beyond the years; but the court allowed us to proceed under the third number but under the actual second filing. If that makes any sense.
>
> THE COURT: Yes. Sure.

The state made no comment relative to this exchange.

It is apparent that a proceeding occurred in the trial court in which it determined that the third petition could be maintained. However, that proceeding is not in the record on appeal. Ordinarily, if the record on appeal fails to include the proceeding from which a trial court enters a particular order, we presume that the trial court's ruling was correct. I see no reason why the presumption does not control in this case, even though the issue of the statute of limitations was raised in this appeal by this court. Under the presumption, the trial court's relating the third petition back to the second petition that was filed on September 19, 1989, removes the statute of limitations as a viable issue.

It follows, as well, that a remand for a hearing relative to the first post-conviction case is uncalled for. In fact, I note that the state's responsive pleading in the trial court asserts that the first "petition was not, in reality, a petition for post-conviction relief but merely a request for records to explore possible avenues for relief, which the State was not required to furnish to the petitioner." If such is true, a hearing upon remand, limited only to the first petition, would be an effort in futility.[1] In any event, the appellant's substantive complaints were presented in an evidentiary hearing that is in the record before us. In this regard, the appellant asserts (1) that his guilty pleas were entered as a result of the ineffective assistance of counsel, (2) that his pleas were not voluntarily entered, and (3) that the trial court erred in not allowing him to be present at the second evidentiary hearing in which his trial attorney testified.

The trial court entered detailed findings of fact and conclusions of law. Relative to the ineffective assistance of counsel, the trial court stated, in pertinent part, the following:

> Petitioner claims that counsel failed to file various discovery motions which would have assisted in the

---

[1] I doubt that this court may properly require such a limitation. If the result of the hearing were to "reopen" the first case, it is within the trial court's discretion to determine whether justice requires accepting an amendment to the claims.

preparation of his case. Proof offered at the post-conviction hearing indicates that [counsel] had unrestricted access to the State's evidence due to the State's open-file policy on discovery. Thus, formal written motions requesting discovery were unnecessary. [Counsel] testified that he conducted a thorough investigation of Petitioner's file and reported his findings to Petitioner. Additionally, [counsel] testified that after a lengthy discussion with the District Attorney's office, he determined that the State had virtually an air-tight case. Discovery in this case was thorough, proper, and complete.

Petitioner alleges counsel failed to meet with him and keep him abreast of trial strategy. [Counsel] testified he met with members of Petitioner's family, visited Petitioner once in jail, and met with Petitioner every time the case was scheduled in court. Since there were no witnesses and Petitioner had fully explained his version of the crime, [counsel] met with Petitioner as necessary to keep him updated on developments in the case. Petitioner's claim that [counsel] failed to meet with him and discuss trial developments is baseless.

Petitioner alleges that counsel failed to properly investigate potential witnesses. Testimony offered at trial indicated that [counsel] was so motivated by the serious nature of the charges against Petitioner that, at his personal expense, [counsel] took the extraordinary step of hiring a private detective to search for exculpatory witnesses. The investigator was unable to locate any such witnesses, a fact [counsel] reported back to his client. Accordingly, Petitioner's claim that counsel failed to investigate is without merit.

Petitioner's allegations of ineffective assistance of counsel are vague and unsubstantiated. After over eight years of incarceration, Petitioner seems to be on a fishing expedition to find any grounds to overturn his conviction. Many of Petitioner's claims allude to the methods which should have [been] used by counsel. This Court will not use hindsight when reviewing every tactic used by the trial attorney. See State v. Martin, 627 S.W.2d 139, 142 (Tenn. Crim. App. 1981).

This Court finds that [counsel] far exceeded the standard required for effective assistance of counsel; therefore, all Petitioner's claims relating to ineffective assistance of counsel are without merit and are dismissed.

The record fully supports these determinations.

Relative to the voluntariness of the guilty pleas, the trial court determined as follows:

After reviewing the record of Petitioner's guilty plea hearing and the proof offered at the hearing on the petition for post-conviction relief, this Court finds Petitioner's guilty pleas

3

constitutionally valid. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), establishes the minimum protection afforded a defendant, under the united States Constitution, when that defendant enters a guilty plea. The Court held that a guilty plea would be constitutionally valid only when it was entered both voluntarily and intelligently, and then, only after the defendant was informed of his constitutionally protected rights. Id. at 243. Tennessee has mandated greater protection to criminal defendants entering guilty pleas. The current procedure for accepting a guilty plea in Tennessee was established by the Supreme Court of Tennessee in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977).

The proof offered by Petitioner is void of any evidence to support a claim that his guilty plea was coerced. At the hearing for post-conviction relief, Petitioner himself admitted his guilty plea was made of his own free will. Simply following Counsel's experienced advice does not rise to the level of coercion required to overturn a guilty plea.

The mere fact that Petitioner may have reconsidered his guilty plea after several years of incarceration has no bearing on whether the plea was voluntarily entered when it was accepted by this Court. Any claim by Petitioner that the guilty plea was invalid is dismissed.

The record fully supports these determinations.

As for the trial court's refusal to allow the appellant to be present when his trial attorney testified, I agree that the trial court erred. In fact, the trial court in question has been criticized for a similar denial in a previous post-conviction case, in which this court essentially held that the appellant's statutory right to testify includes the right to be present during other witnesses' related testimony for rebuttal purposes. See Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App.), app. denied (Tenn. 1996).

On the other hand, the appellant has failed to show any prejudice, not even through speculation, that occurred to him by the trial court's action. Also, given the fact that the evidentiary hearings in the present case preceded the decision in Scott, I would refrain from concluding that there has been prejudice to the judicial process. Under these circumstances, I consider the error to be harmless.

4

Under the foregoing circumstances, I would affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge