# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## MAY 1995 SESSION



FILED

October 4, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **DAVID E. CAMPBELL,** | ) |
| | ) C.C.A. No. 01C01-9209-CR-00266 |
| Appellant, | ) |
| | ) Davidson County |
| V. | ) |
| | ) Hon. Walter C. Kurtz, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Anne C. Martin
Dodson, Parker & Behm
Attorneys at Law
306 Gay Street, Suite 400
Nashville, TN 37201

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Christina S. Shevalier
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0943

Victor S. (Torry) Johnson III
District Attorney General

Kymberly L. A. Hattaway
Asst. Dist. Attorney General
Washington Square
222 2nd Ave. N, Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, David Campbell, pled guilty in the Davidson County Criminal Court to second-degree murder in January 1988. He was sentenced to forty-two years confinement. He filed a post-conviction relief petition alleging that his original trial lawyer who represented him during the plea process was ineffective. The trial court held an evidentiary hearing and denied appellant relief. Campbell now appeals to this Court. We affirm the trial court's dismissal of the post-conviction relief petition.

Campbell testified at his hearing. Charged with a co-defendant, he entered a guilty plea to second-degree murder. His co-defendant was ultimately convicted and received a sentence of life plus fifteen years. Campbell alleged that his lawyer was ineffective, however, Campbell's proof did not substantiate his allegation. He intertwined an allegation that as a result of the lawyer's ineffectiveness, his plea was not rendered voluntarily. Neither the proof nor the record substantiates his claim.

His former attorney testified at the hearing. Counsel remembered that he was appointed to represent Campbell at trial. Although counsel did not remember several of the specifics of the case he did relate as follows:

> I've given it some thought and I can say categorically that I have never worked any harder on any case, on any client, any defendant I've ever represented than on David Campbell. This . . . case went on forever.
>
> At one point we went all the way to the point of trial. [The trial judge] did rule on the suppression motion after a lengthy hearing and even a brief being filed.
>
> We actually came into court and were prepared to go to trial with both the co-defendant and Mr. Campbell on the same day. And if I recall it correctly, I came across some sort of way of getting the two severed which caused a lot of consternation for everyone at the last moment and so fortunately they were severed. And [the prosecutor] elected to go forward in the co-defendant's case. Of course he wound up getting life plus fifteen.

-2-

In any case, to answer your question, I don't recall how many times I met with David, but I met with David many, many, many times. David was a difficult person to deal with.

The record shows that counsel investigated the case, filed motions, and argued pretrial issues on behalf of Campbell. He filed a brief in support of a motion to suppress. Faced with Campbell's incriminatory statement to the police, the trial lawyer negotiated a guilty plea for Campbell which was related to Campbell in a painstaking manner. The lawyer testified at the hearing that he "did everything humanly possible to protect Mr. Campbell's interests and my interests."

Although the record shows that Campbell is somewhat illiterate, he has intelligence. He certainly is not stupid or ignorant. The record reveals that, according to his lawyer, Campbell is a difficult person to represent. The record also indicates that Campbell has had in-depth involvement with the criminal justice system before and seems to understand what is happening to him.

Counsel related that after Campbell's co-defendant was convicted, he feared that the co-defendant would testify against Campbell. Furthermore, counsel was concerned that the co-defendant, having nothing to lose and in retaliation, would make sure that Campbell got a stiff sentence as well.

Campbell also contends that his trial attorney failed to preserve the suppression issue as a certified question of law pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure. Rule 37 provides, in part, that a criminal defendant may appeal from any judgment or conviction upon a plea of guilty if the "[d]efendant explicitly reserved, with the consent of the [trial] court, the right to appeal a certified question of law [which] is dispositive of the case." See Tenn.R.Crim.P. 37(b)(2)(iv). At the post-conviction evidentiary hearing, trial counsel testified that the suppression issue was not dispositive of the case.

Furthermore, counsel testified at the post-conviction evidentiary hearing that he felt that the trial judge "probably was correct" in denying the motion to suppress. The record further shows that the state had independent evidence in addition to Campbell's statement to the authorities which would have corroborated the co-defendant's testimony had Campbell gone on to trial.

The trial judge at the evidentiary hearing on the post-conviction petition accredited the lawyer's testimony as opposed to Campbell's testimony. He found that Campbell had not proven his allegations of ineffective assistance of counsel and involuntary plea by a preponderance of the evidence. He found that Campbell was not pressured into pleading guilty and that his was not a case under Rule 37 which would have been a dispositive appeal. See Rule 37(b)(2); see also State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). If the trial counsel could not have preserved his issue pursuant to Rule 37, then obviously he was not in error by failing to do so.

The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court places the burden on the appellant to show that: (1) the representation was deficient which requires a showing that counsel made errors so serious that she or he was not functioning as "counsel" as guaranteed a defendant by the Sixth Amendment, and (2) the deficient representation prejudiced the defense to the point of depriving the defendant of a fair trial with a reliable result. To succeed on his claim, appellant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for the counsel's unprofessional errors, the results of the proceeding would have been different. Id. at 694. The burden rests on the appellant to prove his allegations by a preponderance of the

evidence.  <u>Long v. State</u>, 510 S.W.2d 83, 86 (Tenn. Crim. App. 1974).  We also do not use the benefit of hindsight to either second-guess trial strategy by counsel or criticize counsel's tactics.  <u>State v. Martin</u>, 627 S.W.2d 139, 142 (Tenn. Crim. App. 1981).

In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the Supreme Court applied the <u>Strickland</u> two-part standard to ineffective assistance of counsel claims arising out of the plea process.  The Court in <u>Hill</u> modified the "prejudice" requirement by stating that "the defendant must show that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."  <u>Id</u>. at 59.

In post-conviction proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence.  <u>McBee v. State</u>, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983).  Furthermore, the findings of the trial court in post-conviction hearings are conclusive on appeal unless the evidence preponderates against the judgment.  <u>State v. Buford</u>, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

Campbell did not carry his burden of proving the allegations in his petition. The hearing judge chose to accredit the lawyer's testimony over that of the petitioner.  That is the trial judge's prerogative.  We find that the evidence does not preponderate against the post-conviction findings of the trial court.  We, therefore, affirm the dismissal in all respects.

**AFFIRMED**

_____
PAUL G. SUMMERS, JUDGE


CONCUR:

_____
JOE B. JONES, JUDGE


_____
ALLEN R. CORNELIUS, JR., SPECIAL JUDGE