IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES "ACE" BARBEE, | * | C.C.A. # 02C01-9610-CC-00372 |
| | * | |
| Appellant, | * | DYER COUNTY |
| VS. | * | |
| | * | Hon. Joe G. Riley, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Post-Conviction) |
| Appellee. | * | |
| | * | |

For Appellant:

William K. Randolph
120 North Mill Street
Suite 303
P.O. Box 611
Dyersburg, TN  38025-0611

For Appellee:

Charles W. Burson
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

James E. Lanier
Assistant District Attorney General
P.O. Drawer E
Dyersburg, TN  38024

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, Charles "Ace" Barbee, appeals from the trial court's dismissal of his petition for post-conviction relief. The single issue presented for our review is whether the trial court erred by finding that counsel was not ineffective for (1) failing to file a motion to seek a severance of four separate counts of selling cocaine and (2) failing to fully advise the petitioner of the potential punishment in the event of a guilty verdict.

We affirm the judgment of the trial court.

On January 13, 1994, the petitioner was found guilty of four counts of selling cocaine. The trial court imposed a six-year sentence on each of the four counts. Because three of the sentences were ordered consecutive, the effective sentence is eighteen years. This court affirmed the conviction on direct appeal. State v. Charles "Ace" Barbee, No. 02C01-9409-CC-00191 (Tenn. Crim. App., at Jackson, Apr. 26, 1995), appeal denied (Tenn., Sept. 11, 1995). The petitioner filed this, his first petition for post-conviction relief, on May 7, 1996. After the appointment of counsel and an evidentiary hearing, the trial court denied relief.

The trial court found as fact that defense counsel made a sound strategy decision not to request a severance of the charges. It further held that the four drug sales made to the same undercover agent and under similar circumstances over a five-week period constituted separate offenses committed under a common scheme or plan. The trial court thus found that a severance would not have been warranted and, in consequence, that the petitioner was not prejudiced by defense counsel's failure to request separate trials. The trial court also found that the petitioner, who had received a written plea offer for concurrent,

2

Range I four-and-one-half-year sentences on each of the four charges, had been adequately informed by his counsel of the risks of the trial and the potential for consecutive sentences as a Range III offender.

The defendant, who insisted that he was innocent of the charges, testified that he never sold the undercover agent cocaine. He claimed that he had merely accommodated the agent by driving him to various locations to purchase the cocaine from others.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advise given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Recently, our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

Moreover, in claims of ineffective counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App.

3

1994); See State v. Martin, 627 S.W.2d 139, 142-43 (Tenn. Crim. App. 1981). Such deference to tactical decisions of counsel applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The findings of fact made by a trial court at an evidentiary hearing for post-conviction relief have the weight of a jury verdict and will not be disturbed on appeal unless the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The burden is on the petitioner to show that the evidence preponderates against those findings. Id.

I

The petitioner first contends that his defense counsel was ineffective for failing to request a severance of his four drug charges. Because a severance was not warranted under the facts of this case, we cannot fault counsel for failing to seek one. By the terms of Tenn. R. Crim. P. 14(b)(1), a defendant has a right to have the offenses severed "unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others." While severance is ordinarily a matter which rests within the sound discretion of the trial court, that general rule is not necessarily applicable in relation to the severance of offenses. State v. Peacock, 638 S.W.2d 837 (Tenn. Crim. App. 1982).

To qualify as "part of a common scheme or plan" within the governing rule, the offenses must be so similar in modus operandi and occur within such relatively close character, time, and location to each other that there can be little doubt that the offenses were committed by the same person. The offenses must appear to constitute part of a common scheme or plan. Webster v. State, 425

4

S.W.2d 799, 811 (Tenn. Crim. App. 1967). In our view, these offenses qualify. In State v. Steve Mosley, No. 01C01-9211-CC-00345 (Tenn. Crim. App., at Nashville, Sept. 9, 1993), this court held that a severance was not warranted when the five indicted drug offenses occurred within a six-week period, and all of the offenses "involved the same controlled substance, the same defendant, the same informants, and the same witnesses." Slip op. at 9. See also State v. Roger D. Pulley, No. 01C01-9501-CC-00013, slip op. at 5 (Tenn. Crim. App., at Nashville, Sept. 20, 1995) (severance inappropriate where the five drug offenses "occurred within eight weeks of one another and involved virtually the same sequence of events, the same confidential informant, and the same established procedure.") Here, the same police agent arranged and completed four drug buys with the petitioner. The transactions occurred in the same area, and the same substance was involved in each purchase. Small amounts of cocaine were sold each time.

Secondly, the circumstances must fall within the exception to the general rule prohibiting evidence of other crimes in that they are "so related to each other that proof of one tends to establish the others." 20 Am. Jur. Evidence, § 314 (1939); Collard v. State, 526 S.W.2d 112, 114 (Tenn. 1975).

Rule 404 of the Tennessee Rules of Evidence is pertinent:

> (b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

   (1) The court upon request must hold a hearing outside the jury's presence;
   (2) The court must determine that a material issue exists other than conduct conforming with the character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
   (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

  The general rule prohibiting evidence of other crimes has several exceptions. If tied to a relevant issue, proof of a common scheme or plan may be one of those. See State v. Hallock, 875 S.W.2d 285, 289-90 (Tenn. Crim. App. 1993). The procedure outlined in the rule requires a jury-out hearing, a finding that the "other act" addresses a relevant issue such as a common scheme or plan, and a balancing of probative value against unfair prejudicial effect. Factors in weighing the probative value include the prosecution's need for the evidence, the likelihood the defendant committed the other crimes, and the degree of its relevance. The similarity of the acts makes the probative value particularly significant. Often, a common scheme or plan is used to prove identity. Neil P. Cohen, et al., Tennessee Law of Evidence, § 404.11 (2d ed. 1990). The distinctive design in the commission of a series of crimes may serve as a basis for either admitting evidence of other crimes or having consolidated trials.

  The defendant's version of events was that he never sold cocaine to the undercover agent and merely drove the agent to various locations to purchase the cocaine from others. Thus, proof of the intentional commission of the other crimes would be admissible under Tenn. R. Evid. 404(b) to rebut the defendant's claim that he was a mere observer. In State v. Wayne Hymes Richards, No. 03C01-9503-CR-00102, slip op. at 6 (Tenn. Crim. App., at Knoxville, July 8, 1996), our court held severance was not warranted on two separate charges of delivery of

marijuana, where the proof of the "defendant's participation in each offense was probative of both his identity and his guilty knowledge as to the other offense."

At the post-conviction evidentiary hearing, defense counsel testified that he could not remember many of the details of the petitioner's case. He did recall that he reviewed the petitioner's file before the hearing. Based on his memory and the information in the file, he testified that he had past experience before the same trial court representing defendants facing multiple charges for selling drugs to a single undercover police agent. It was trial counsel's experience that the court would not sever charges when "the same officer, same agent, basically the same facts but different dates" were involved. Based on this experience, he made the judgment to not seek a severance in the petitioner's case. This record does not demonstrate why a motion to sever would have been successful. The petitioner was not, therefore, prejudiced by the failure to seek a severance.

Moreover, counsel also acknowledged that there was a notice of impeaching convictions in the file. Although the petitioner would have qualified as a Range III offender, the state had failed to file any notice of enhanced range. A delay in the proceedings may have given the state the opportunity to rectify this apparent oversight. Thus, counsel's decision not to ask for a severance could have been based on strategy. The facts establish that the state could have sought enhanced punishment of the defendant as a Range III offender; that the defendant was already eligible for consecutive sentences might also suggest that the chances of concurrent sentencing were better in a consolidated trial. Either objective may have qualified as a reasonable trial strategy for not seeking the severance.

II

Next, the petitioner claims that defense counsel failed to inform him of the possible maximum prison sentence he faced if he were found guilty. The petitioner testified at the evidentiary hearing that defense counsel failed to explain that there was a potential that all four sentences could be ordered consecutive to each other. He testified that the state offered him a sentence of four and one half years for each drug charge to be run concurrently with each other. The petitioner claimed that because the maximum sentence for his range was six years, it was his understanding that he was only risking another one and a half years by demanding a trial; had he known that there was a potential maximum of twenty-four years' incarceration, he would have never gone to trial and would have taken the plea agreement.

Defense counsel testified that while he could not remember many details of the petitioner's case, it was his practice to always explain the terms of the plea agreement, including consecutive sentences, to a client; he felt sure he had done so in the petitioner's case. The petitioner rejected the offer. The petitioner had a lengthy criminal history which included a 1977 misdemeanor conviction for possession of marijuana, a 1981 drug conviction, three 1984 convictions for diazepam and marijuana, two 1989 convictions for attempting to sell cocaine, and two 1989 convictions for selling cocaine. The trial court accredited the testimony of defense counsel and ruled that the petitioner, because of his familiarity with the criminal justice system, clearly understood the meaning of consecutive sentences.

Whether defense counsel fully explained the plea agreement to the petitioner is a question of fact. Here the trial court found that defense counsel adequately explained the consequences. The evidence does not preponderate

8

against the finding of the trial court.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Curwood Witt, Judge

9