IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2007

## JACOB EDWARD CAMPBELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-B-896     J. Randall Wyatt, Jr., Judge**

**No. M2006-02727-CCA-R3-PC - Filed November 30, 2007**

The Appellant, Jacob Edward Campbell, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. After a jury trial in 2002, Campbell was convicted of first-degree murder and robbery, and he was ordered to serve consecutive sentences of life imprisonment and ten years. On appeal, Campbell argues that he was denied his Sixth Amendment right to the effective assistance of counsel. After a thorough review of the record on appeal and the arguments of the parties, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

J. Chase Gober, Nashville, Tennessee, for the Appellant, Jacob Edward Campbell.

Robert E. Cooper, Jr., Attorney General and Reporter; Alice B. Lustre, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Katrin Miller, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

A brief summary of the facts underlying the Appellant's convictions were recited by this court on direct appeal:

> This case involves the death of eighty-two year old William Satterfield, whose body was found in the basement of his east Nashville home on July 17, 2000, after intruders bound his hands and ankles with a telephone cord and duct tape, stuffed his mouth with a wad of paper towels, taped his mouth with duct tape, placed a plastic grocery bag over his head and sealed the bag around his neck with duct tape. The intruders stole the victim's car, guns, jewelry and other items from his home. The

Davidson County Grand Jury indicted the [Appellant] . . . [and co-defendant Jarret Guy] for premeditated first degree murder, felony murder and robbery for the crimes committed against the victim.

. . . .

. . . Angela Guy testified that she overheard the [Appellant] and her husband, Jarret Guy, talking about "making some money," and the [Appellant] "mentioned that he knew where to make some money. A friend of his grandfather's kept large sums of money because he didn't believe in banks. . . . He mentioned that he was an old man." Angela Guy testified that the [Appellant] stated that the victim lived in the Englewood area near a Kroger's grocery store. . . .

Angela Guy testified that the [Appellant] and her husband left the apartment on July 16, 2000, and at about 3:00 or 4:00 p.m., "Jarret [Guy] called and said he was going to go to Kroger's. . . . That meant that they were going to go break into the house." She stated that the [Appellant] and Jarret Guy returned to her home later that day in . . . [the victim's] new white Oldsmobile and that they ran back and forth taking property out of the car, including guns, money, pills, shotgun shells and bullets. She explained that the [Appellant] and Jarret Guy discussed which items they could sell to make the most money and that they split a large amount of cash between them. . . . Andrew Parker, who was the [Appellant's] roommate for a few days at the Criminal Justice Center in Nashville, testified that the [Appellant] confessed to him that he had robbed and murdered the victim.

The evidence established that the [Appellant] participated in the robbery of the victim, split some of the proceeds of the robbery, and then tried to sell some of the stolen goods. The [Appellant] was arrested in a motel room where police found some of these stolen goods. . . .

*State v. Jacob Edward Campbell*, No. M2003-00597-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 15, 2004), *perm. to appeal denied* (Tenn. Oct. 4, 2004). On August 15, 2002, the Appellant was convicted by a Davidson County jury of premeditated first degree murder, felony murder, and robbery. The trial court merged the two murder convictions into a single offense of first degree murder, and the Appellant was sentenced to consecutive terms of life imprisonment and ten years in the Tennessee Department of Correction. On direct appeal to this court, we affirmed the judgments of the trial court. *Id*.

In 2005, the Appellant filed a *pro se* petition for post-conviction relief in the Davidson County Criminal Court. He was appointed counsel, who filed an amended petition on June 29, 2006, asserting a denial of his constitutional rights based upon the ineffective assistance of trial counsel. A hearing was held on November 2, 2006, at which the Appellant and trial counsel provided

testimony. On December 1, 2006, the post-conviction court entered an order denying the petition for post-conviction relief. The Appellant timely appealed to this court.

**Analysis**

On appeal, the Appellant contends that trial counsel was deficient in the following respects: (1) by failing to throughly investigate several shoe prints found at the murder scene; (2) by failing to thoroughly investigate the availability of a purported alibi witness, Tracy Garrett, for the purposes of her testifying at trial; (3) by failing to fully investigate the background of Mike Singleton, who was a caregiver for the victim and a witness for the prosecution; (4) by failing to locate a potential defense witness, Brian Bryant, before trial; and (5) by failing to request a change of venue based upon publicity that the trial received by local media.

In order to prevail on a post-conviction petition, the petitioner must establish that his conviction or sentence is void or voidable due to the abridgement of a constitutional right. T.C.A. § 40-30-103 (2003); *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). In a post-conviction proceeding, the burden is on the petitioner to prove his allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992).

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminally accused the right to representation by counsel. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Both the United States Supreme Court and our supreme court have recognized that the right to such representation encompasses the right to "reasonably effective" assistance, that is representation within the range of competence demanded of attorneys in criminal cases. *Id*. To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990)).

To prove a deficiency in representation, the petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To establish that a deficiency resulted in prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068)). This court has held:

Where a claim of incompetency of counsel is alleged, this Court will not reverse the

finding of the trial judge dismissing such petition if the action of trial counsel was based upon legitimate trial tactics and strategy. *State v. Martin*, 627 S.W.2d 139 (Tenn. Cr. App. 1981). However, if the record shows the action of trial counsel, in the circumstances shown, has no rational or logical basis, then the legitimacy of the tactics employed must be scrutinized under the requirement of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975).

*State v. Buford*, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 768 (Tenn. 2001). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Burns*, 6 S.W.3d at 461. A trial court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Id.*

## I. Failure to Investigate Shoe Prints at Crime Scene

The Appellant first contends that trial counsel was ineffective for failing to investigate certain shoe prints discovered in the house where the victim was found murdered in the basement. His statement of the facts summarizes his testimony from the post-conviction hearing in this regard:

During testimony, [the] Appellant confirmed that he had discussed with [t]rial [c]ounsel that according to discovery seven separate shoe prints were discovered at the house where the murder occurred. . . . Appellant further testified that as far as he is aware, none of the shoe prints were ever compared to the shoes he and his co-defendant were wearing at the time of their arrest. . . . Although [the] Appellant was not made aware of any positive identification regarding his shoes or the shoes his co-defendant was wearing, [the] Appellant testified that State's witness Mike Singleton's prints were found throughout the house, including the doorjamb to the basement.

A petitioner who asserts that he received the ineffective assistance of counsel based upon his attorney's failure to investigate a case properly bears the burden at the post-conviction hearing of

-4-

demonstrating what that investigation would have revealed. *Owens v. State*, 13 S.W.3d 742, 756 (Tenn. Crim. App. 1999). The Appellant has failed to satisfy his burden on this issue.

The post-conviction court clearly accredited the testimony of trial counsel that he did not believe that the discovery of Singleton's shoe print would benefit the defense because Singleton was a caretaker of the elderly victim and, therefore, his presence in the house would not have been out of the ordinary. The post-conviction court found that trial counsel effectively investigated and prepared for trial on this issue and, further, that the Appellant had failed to demonstrate any prejudice from any alleged lack of investigation of the shoe prints. After review, we agree that the post-conviction court appropriately denied relief on this basis.

## II. Failure to Investigate Alibi Witness

At the post-conviction hearing, the Appellant testified that around 11:00 a.m. on the day that the murder occurred, he was at the home of his co-defendant, Jarrett Guy, talking on the phone with his friend Tracy Garrett. He testified that he tried to raise the issue of this purported alibi witness with trial counsel, but counsel was not convinced that this evidence would aid the defense. On cross-examination, the Appellant conceded that there had not been a "stated time" that the homicide and robbery had taken place. Contrarily, trial counsel testified that he had no recollection of a discussion regarding Garrett as an alibi witness, but he stated that he would have advised the Appellant against putting on proof that he had been at the Guy residence on the day in question, "because there was much more evidence linking Mr. Guy to the commission of the offense . . . than [the Appellant]."

In its order denying relief, the post-conviction court summarized the testimony from the evidentiary hearing on this issue and found that the proposed testimony of Garrett "would only account for the [Appellant]'s activities and whereabouts for a minimal period of time during the day the victim was murdered." The post-conviction court found trial counsel's reasoning, that such testimony would not be beneficial to the defense, was valid and concluded that the Appellant had failed to show any prejudice as a result of the failure to call Garrett as a witness.

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that: (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness or call the witness to the stand resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757.

Clearly, the Appellant did not call Garrett as a witness at the post-conviction hearing, and the evidence does not preponderate against the findings of the post-conviction court on this issue. We, therefore, conclude that the Appellant has failed to demonstrate resulting prejudice on this issue. Accordingly, the issue is without merit.

## III. Failure to Investigate Background of State Witness

The Appellant next contends that he was prejudiced by trial counsel's failure to investigate the background of State witness Mike Singleton, who had acted as a live-in caregiver for the victim for several months in 1999, prior to the victim's murder in 2000. The Appellant testified that he asked trial counsel to interview Singleton, whose "fingerprints were all over the house," but that he did not believe trial counsel followed up on this request. The post-conviction court found that Singleton was effectively cross-examined by trial counsel during the trial and, further, that the Appellant had failed to present any proof at the post-conviction hearing that would establish that Singleton's background would have benefitted the defense. When a claim of ineffective assistance of counsel is predicated upon a failure to investigate, the petitioner is obligated to show what a reasonable investigation would have revealed. *Owens*, 13 S.W.3d at 756. The sole basis for the Appellant's argument on this issue is his own testimony from the post-conviction hearing that the witness "was supposedly a bum that was living off of [the victim]" and that "he stole from [the victim] all the time." This self-serving testimony was clearly insufficient to satisfy the Appellant's burden for such a claim. Therefore, we conclude that this issue is without merit.

## IV. Failure to Locate a Potential Defense Witness Before Trial

The Appellant alleges that trial counsel was deficient in failing to locate a potential defense witness, Brian Bryant, who he claims could have provided testimony contradictory to that of State witness Angela Guy. Bryant's proposed testimony related to an alleged conversation between Bryant, the Appellant, his co-defendant Jarret Guy, and Guy's wife Angela, prior to the murder. The Appellant testified at the post-conviction hearing that an investigator was hired to locate Bryant on the first day of trial but that he was never found. The Appellant testified that Bryant should have been easily located, because he was in custody of the Tennessee Department of Correction at the time of trial. At the post-conviction hearing, trial counsel testified that he considered Bryant a risky defense witness, because his testimony would have again placed the Appellant in close proximity to his co-defendant near the time of the murder. Trial counsel stated that he had a subpoena issued for Bryant, which had not been served by the time of trial. He additionally recalled that an investigator had been hired to locate Bryant, but these efforts were also unsuccessful. He further testified that he had tried to elicit some of the information that Bryant might have provided through his cross-examination of Angela Guy at trial.

The post-conviction court accredited the testimony of trial counsel on this issue and found that the decision not to present Bryant as a witness was a tactical one, not to be second-guessed. It further determined that the Appellant failed to demonstrate resulting prejudice from the absence of Bryant's purported testimony. Again, we note that "[w]hen a petitioner contends that trial counsel fails to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black*, 794 S.W.2d at 757. It is clear that the Appellant failed to establish prejudice on this issue, and, accordingly, it is without merit.

## V. Failure to Request Change of Venue

The Appellant alleges that he received ineffective assistance of counsel based upon trial counsel's failure to move for a change of venue "due to the amount of publicity the case had received." At the post-conviction hearing, he testified that his co-defendant's trial was held a month prior to his own and that "it was on the news every night . . . it was all in the newspaper . . . [a]nd it said [the Appellant] was convicted before [the Appellant] even walked in the courtroom . . . ." Trial counsel testified that he did not recall any discussions with the Appellant as to pretrial publicity or requesting a change of venue and, further, that he did not recall any juror having been excused for exposure or knowledge of the case.

"Venue may be changed . . . if it appears to the court that, due to undue excitement against the defendant in the county where the offense was committed or any other cause, a fair trial probably could not be had." Tenn. R. Crim. P. 21(a). The ultimate test is whether the jurors who actually sat and rendered verdicts were prejudiced by the pretrial publicity. *State v. Garland*, 617 S.W.2d 176, 187 (Tenn. Crim. App. 1981).

We conclude that the Appellant failed to satisfy his burden to establish that trial counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Moreover, the evidence does not preponderate against the finding of the trial court that the Appellant failed to demonstrate any prejudice resulting from trial counsel's failure to move for a change of venue, which was based upon the testimony of the Appellant and trial counsel at the post-conviction hearing. Accordingly, this issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE

-7-