IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 15, 2017

**ANTOINE CARDET SMITH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 41101125, 63CC1-2011-CR-1126    William Goodman, Judge**

_____

**No. M2017-00060-CCA-R3-PC**

_____

The Petitioner, Antoine Cardet Smith, appeals from the denial of post-conviction relief by the Montgomery County Circuit Court.  In this appeal, he argues that he received ineffective assistance of counsel.  Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Samuel Knolton, Clarksville, Tennessee, for the Defendant-Appellant, Antoine Cardet Smith.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John W. Carney, District Attorney General; and Lee Willoughby, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner was originally convicted by a jury of aggravated robbery and sentenced to serve eleven years and six months in the Tennessee Department of Correction.  State v. Antoine Cardet Smith, No. M2013-01891-CCA-R3-CD, 2015 WL 128741, at *1 (Tenn. Crim. App. Jan. 9, 2015).  The facts supporting the Petitioner's conviction, as relevant to the instant appeal, involve him entering a store in Clarksville, Tennessee, brandishing a gun, and demanding money from the clerk.  After receiving $170, the Petitioner fled the scene.  The store clerk identified the Petitioner as the perpetrator of the offense in the second of two photographic line-ups shown to her.  DNA analysis was performed on overalls, a golf cap, and a cigarette butt recovered from the

crime scene. The major contributor of DNA was attributed to an unknown male and the minor contributor was attributed to the Petitioner. Id. at *2. A video of the offense, showing an African-American perpetrator, was shown to the jury and admitted into evidence at trial.

At the December 2, 2016 post-conviction hearing, the Petitioner testified that he had "three, maybe four" attorneys prior to trial counsel. Asked when trial counsel was appointed to his case, the Petitioner replied, "At the tail end; pretty much on the last nerve of the presiding judge." Asked by the post-conviction court to clarify, the Petitioner explained that "I was running out of time, so the judge was really getting upset with me." The Petitioner added that trial counsel was appointed sometime in 2012. The Petitioner was further aggrieved because trial counsel (1) failed to adequately investigate his case, (2) failed to speak with his alibi witnesses, (3) failed to adequately challenge various aspects of the evidence presented at trial; and (4) prompted a prejudicial response from a juror during voir dire which alluded to his criminal history.

The Petitioner explained that there was someone else who was guilty of the crime and that trial counsel did not strenuously challenge the circumstantial evidence presented against him. He also stated that prior to the instant charges being brought against him, he filed a lawsuit against the lead detective on the case. According to the Petitioner, the detective "made some comments about him being an informant" and "put him in a very bad predicament . . . on the street." He said he filed the lawsuit in May 2011. The Petitioner said that trial counsel worked for the same law firm that represented the police department and the county jail in his lawsuit. The Petitioner told trial counsel about the conflict and she told him that it would not be a problem. The Petitioner said trial counsel also failed to contact one of his alibi witnesses and did not speak with the other alibi witness until the day of trial. He agreed that he did not provide trial counsel addresses of his alibi witnesses, only general locations.

Trial counsel, a twenty-year practicing attorney, testified that she was the attorney of record for the Petitioner in 2013. She had been employed with the law firm noted by the Petitioner but left in September 2012. Trial counsel said that the motion to suppress and the preliminary hearing were handled by a different attorney, prior to her appointment. She reviewed the transcript from the motion to suppress and opined "there was [nothing] incompetent about the representation." She renewed the motion to suppress the photographic line-up at the motion for new trial, which was denied by the trial court and affirmed by the Court of Criminal Appeals.

In terms of trial preparation, trial counsel testified generally that she met with the Petitioner, reviewed discovery, investigated the alibi, and contacted the DNA expert. Trial counsel said that the Petitioner advised her of an alibi witness on the day of trial,

and she filed a notice of alibi that morning. She clarified that it was possible that the Petitioner advised her earlier than the day of trial. During voir dire, one of the jurors, Morgan Nicholson, disclosed that she worked at the sheriff's department. Trial counsel discussed this with the Petitioner, but she could not recall any specifics. Trial counsel acknowledged that the trial court "accuse[d] [trial counsel] of bringing forward" where the juror was employed. Trial counsel wanted to request a mistrial based on the juror's comment but she knew the trial court would not grant it. Trial counsel testified that her defense strategy concerned "identification issues." She also said that she did not believe there was sufficient evidence supporting the use of the weapon and opposed a jury instruction to that effect.

On cross-examination, trial counsel clarified that she began representing the Petitioner on August 22, 2012. She agreed this meant there were "ten-days, maybe eight-days" she may have had a conflict in representation. She said that she was unsure when she became aware of the litigation concerning her prior law firm. She explained that her prior firm had a civil defense team which would have been solely responsible for that litigation. She said she only handled criminal cases and "would not have had any access or participation in those types of matters." She further explained that she did not call the person the Petitioner provided as an alibi witness because "it could have been that she did not believe it was the same day." Finally, trial counsel opined that a mistrial should have been declared as a result of the juror's comment and that the Petitioner could have received a "fairer chance with a different jury."

Upon hearing the above proof, the post-conviction court issued a written order denying post-conviction relief. The Petitioner later filed this timely appeal.

## ANALYSIS

The sole issue presented for our review is whether the post-conviction court erred in denying post-conviction relief based on trial counsel's failure to (1) fully investigate the Petitioner's case; (2) disclose a potential conflict of interest; (3) strike a juror; and (4) adequately challenge key evidence at trial. The State contends, and we agree, that the post-conviction court properly denied relief.

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post–conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40–30–103. The Tennessee Supreme Court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40–30–110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293–94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687 (1984)). A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). Moreover,

[b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Id. at 370 (citing Strickland, 466 U.S. at 697).

Upon our review, the record does not preponderate against the findings of the trial court. Here, the Petitioner argues that trial counsel failed to fully investigate his case because she did not locate or call two alibi witnesses and failed to explore whether the store clerk could in fact see a gun from her position in the store. The record shows that trial counsel located one of the alibi witnesses, who came to trial but was unable to provide useful testimony regarding the date of the offense. Moreover, the Petitioner failed to name or call either of the alleged alibi witnesses at the post-conviction hearing. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); State v. Martin, 627 S.W.2d 139, (Tenn. Crim. App. 1981). Therefore, we are unable to assess the materiality of their testimony. Additionally, trial counsel's defense strategy was, in part, to challenge whether a gun was used during the offense. She argued against a jury instruction supporting the use of a weapon based on a lack of evidence. The Petitioner has failed to demonstrate deficient performance or prejudice. He is not entitled to relief on this issue.

Next, the Petitioner claims trial counsel was ineffective for failing to disclose a potential conflict of interest. Specifically, the Petitioner argues that trial counsel's representation of him while at the same time being employed at a law firm representing the lead detective in a civil lawsuit amounts to prejudice. Before a petitioner may obtain post-conviction relief on the ground of a conflict of interest, he must establish by a preponderance of the evidence that: (a) an actual conflict of interest existed; and (b) the conflicting interest adversely affected the performance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 348-50, 100 S. Ct. 1708, 64 L. Ed.2d 333 (1980). Our supreme court has observed that "an actual conflict of interest included any circumstances in which an attorney cannot exercise his or her independent professional judgment free of 'compromising interests and loyalties.'" State v. White, 114 S.W.3d 469, 476 (Tenn. 2003) (citing State v. Culbreath, 30 S.W.3d 309, 312-13 (Tenn. 2000)). "The mere fact that counsel might have a potential conflict of interest in representing multiple clients does not authorize a presumption of ineffective assistance of counsel." Netters v. State, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). While the record shows that trial counsel's employment with the law firm representing the lead detective in the civil case overlapped by a few weeks with her representation of the Petitioner, she had no knowledge of the civil case involving the detective. As a criminal defense lawyer at her prior law firm, she was unaware of and did not participate in any civil cases. Given these facts, the Petitioner has failed to demonstrate an actual conflict existed. He is not entitled to relief on this issue.

On direct appeal, the Petitioner similarly challenged the trial court's denial of his motion for new trial based on inappropriate comments made by Mr. Lee, a prospective juror. Upon review, this Court stated the following:

Our review of the record shows nothing to support [the Petitioner's] assertion that Mr. Lee said or did something to suggest to the other prospective jurors that [the Petitioner] had a prior criminal record. After Mr. Lee had been excused from the jury, defense counsel questioned the prospective jurors as follows:

[Defense counsel]: Does anyone know any of the other jurors? I think we just dismissed Mr. Lee. Did anyone know Mr. Lee? (Prospective juror raised her hand)

Ms. Nicholson: He's my sergeant.
[Defense counsel]: Oh. So he works with you.
Ms. Nicholson: Um-hmm.
[Defense counsel]: And he worked where?
Ms. Nicholson: At the sheriff's office.
[Defense counsel]: That's all I have for now.
The following bench conference then occurred:
[Prosecutor]: Now they certainly know where he works and what he did, and I'm—I'm worried. I was not until that was ...
[Defense counsel]: I think—
[Prosecutor]: Purposely, I guess—I don't know. Whatever.
[Defense counsel]: I don't think that's it. I think the issue is whether or not they would know, have reason to know, after his comments, that he worked for the sheriff's department.
THE COURT: Oh, they—they do now.
[Defense counsel]: Well, I think she would have said something, Your Honor. She was—she'd already said—
THE COURT: You knew where she worked. You didn't have to ask her.
[Defense counsel]: But so did they, Your Honor.
THE COURT: You didn't have to ask her.
[Defense counsel]: I had to ask them if they knew other jurors.
THE COURT: No, you didn't have to. You knew she did and then you went a step further and asked her where she works. And you know from your list exactly where she works.
[Defense counsel]: Your Honor, I think they do too.
[Prosecutor]: Well, they certainly do now.
THE COURT: Well, I think that's brought on by the Defense. I'm not going to do anything about it.

Following Ms. Nicholson's response to defense counsel's question, in which she stated that she worked with Mr. Lee at the sheriff's department, defense counsel did not renew the motion for mistrial.

Unless there is evidence the jury which heard the case was prejudiced or biased due to comments made by a prospective juror during voir dire, such comments are not grounds for a mistrial. State v. Brown, 795 S.W.2d 689, 696 (Tenn. Crim. App. 1990). Here, there was no evidence presented that the statements of Mr. Lee or Ms. Nicholson prejudiced the jury against [the Petitioner]. We cannot conclude that the trial court abused its discretion by failing to grant a mistrial. Furthermore, defense counsel solicited information that Mr. Lee was employed by the sheriff's department, defense counsel did not renew the motion for mistrial, and defense counsel did not request a curative instruction. Defendant is not entitled to relief on this issue.

Antoine Cardet Smith, 2015 WL 128741, at * 6-7.

The record shows that the Petitioner presented this same claim at the motion for new trial and on direct appeal. Tennessee Code Annotated section 40-30-106(h) provides:

A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

We are technically precluded from reviewing this issue because it has been previously determined. In any event, to the extent that any aspect of this issue survived, we conclude that the Petitioner failed to demonstrate that he was prejudiced by juror Nicholson's comments and is therefore not entitled to relief on this issue.

Finally, in one sentence in his brief, the Petitioner argues that trial counsel failed to adequately challenge key evidence at trial. This issue appears to attack the sufficiency of the evidence supporting his conviction, which is not proper for post-conviction relief. Here, to the extent that the Petitioner argues trial counsel failed to challenge the evidence at trial, the State aptly notes that the Petitioner provides no analysis supporting this issue. As such, the Petitioner has waived our review of this issue. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE